

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LIAM BINER, by and through his father and next friend, RUSS BINER, COLIN DAVIS and ANGELA BERGER, on behalf of themselves and a class of others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>OFFICER RAMTIN SABET, sued in his individual capacity; OFFICER WEBER, sued in his individual capacity; UNKNOWN VILLAGE OF OAKWOOD HILLS POLICE OFFICERS, sued in their individual capacities and THE VILLAGE OF OAKWOOD HILLS, ILLINOIS,<br><br>Defendants. | 07CV1590<br>JUDGE DARRAH<br>MAGISTRATE JUDGE DENLOW<br><br>No.:<br>Jury Demand<br><br>FILED<br>MAR 2 2 2007  NF<br><br>MICHAEL W. DOBBINS<br>CLERK, U.S. DISTRICT COURT |

## COMPLAINT AT LAW

NOW COME Plaintiffs LIAM BINER, by and through his father and next friend, RUSS BINER, COLIN DAVIS and ANGELA BERGER, on behalf of themselves and a class of others similarly situated, through their attorneys Elliot Richardson & Associates and Buehler & Williams, and for their complaint against Defendants, OFFICER RAMTIN SABET; OFFICER WEBER; UNKNOWN VILLAGE OF OAKWOOD HILLS POLICE OFFICERS and the VILLAGE OF OAKWOOD HILLS, IL, state as follows:

## INTRODUCTION

1. Village of Oakwood Hills police officers have a custom and practice of conducting unreasonable and unconstitutional searches and seizures.

2. This unconstitutional practice has been repeated and condoned by the Village of Oakwood Hills.

3. The Village of Oakwood Hills has a practice and custom of detaining its citizens - without reasonable suspicion or probable cause.

4. The Village of Oakwood Hills has a practice and custom of performing unconstitutional searches of individuals and their property.

5. The Village of Oakwood Hills has authorized, permitted and tolerated this custom and practice of unconstitutionally expansive and warrantless searches and seizures.

6. In addition, the Village of Oakwood Hills has implemented an express policy entitled "Policy and Procedure 030," which permits Village of Oakwood Hills police officers to unreasonably and unconstitutionally seize property of Oakwood Hills' residents.

7. The Village of Oakwood Hills has failed to discipline its officers that engage in the unconstitutional conduct set forth above.

8. The Village of Oakwood Hills has failed to train its officers to refrain from engaging in the above-referenced unconstitutional conduct.

9. The Village of Oakwood Hills has failed to supervise its officers so as to prevent their unconstitutional conduct.

10. The Village of Oakwood Hills has approximately 2300 residents.

11. Partly in response to the above-referenced unconstitutional conduct, Village of Oakwood Hills residents organized an independent committee to explore various alternatives by which to secure law enforcement services for the Village.

12. The independent committee referenced above has not deterred Oakwood Hills police officers from conducting widespread unconstitutional searches and seizures.

13. Despite the Oakwood Hills residents' open and significant efforts to address these obvious and routine violations, the conduct of the Village of Oakwood Hills police department has remained unchecked and uncorrected by Oakwood Hills policy makers. Indeed, this impermissive conduct has become so widespread, settled and systemic that it has become custom with the force of law.

14. Many of the individuals subjected to the above-referenced unconstitutional searches and seizures are teenagers as well as other well-respected members of the community.

15. At all times relevant herein, the Defendants, Officers Sabet, Weber and Unknown Village of Oakwood Hills police officers, have violated clearly established constitutional standards under the Fourth Amendment of which a reasonable police officer and/or public official under their respective circumstances would have known.

## JURISDICTION and VENUE

16. This Court has jurisdiction of the action pursuant to 28 U.S.C. §1331. Venue is proper under 28 U.S.C. § 1391(b). Defendant, Village of Oakwood Hills, is a municipality physically situated in this judicial district, and the events giving rise to this action all occurred here.

## PARTIES

17. Plaintiff Liam Biner, by and through his father and next friend, Russ Biner, is one of the Named Plaintiffs representing the class. Plaintiff Biner is, and at all times material to this Complaint was, a citizen of the State of Illinois and the United States.

18. Plaintiff Colin Davis is one of the Named Plaintiffs representing the class. Plaintiff Davis is, and at all times material to this Complaint was, a citizen of the State of Illinois and the United States.

19. Plaintiff Angela Berger is one of the Named Plaintiffs representing the class. Plaintiff Berger is, and at all times material to this Complaint was, a citizen of the State of Illinois and the United States.

20. Defendant Officer Ramtin Sabet was at all times material to this Complaint employed with the Village of Oakwood Hills police department. Defendant Sabet was acting under color of law at all times relevant to this Complaint. This Defendant Officer is sued in his individual capacity.

21. Defendant Officer Weber was at all times material to this Complaint employed with the Village of Oakwood Hills police department. Defendant

Weber was acting under color of law at all times relevant to this Complaint. This Defendant Officer is sued in his individual capacity.

22. Defendant Unknown Village of Oakwood Hills police officers were at all times material to this Complaint employed with the Village of Oakwood Hills police department. Unknown Defendant Officers were acting under color of law at all times relevant to this Complaint. These Defendant Officers are sued in their individual capacities.

23. The Defendant, Village of Oakwood Hills, is a duly incorporated municipal corporation and is the employer and principal of the Defendant Officers.

## FACTS CONCERNING NAMED PLAINTIFFS

### Plaintiff Liam Biner

24. Liam Biner is seventeen (17) years old.

25. During the years 2005 and 2006, Officer Sabet detained and searched Plaintiff Biner on at least four occasions.

26. On each of the above-referenced occasions, Plaintiff Biner was detained for approximately one (1) hour.

27. The minor Plaintiff, under duress and intimidation, consented to the search of his person and/or vehicle by Officer Sabet.

28. At no time was Plaintiff Biner issued a citation or arrested related to these detentions and searches.

29. Plaintiff Biner did not engage in any conduct that justified Officer Sebat detaining or searching him, or his vehicle, on any of the above-referenced occasions.

30. Plaintiff Biner had not violated any laws on the above-referenced occasions. At no time on the above-referenced occasions did Officer Sabet have a warrant to search Plaintiff's vehicle and/or person. At no time on the above-referenced occasions did Officer Sabet have reasonable suspicion or probable cause that Plaintiff Biner had engaged in any unlawful activities.

### Plaintiff Colin Davis

31. Plaintiff Colin Davis is eighteen (18) years old.

32. On or about July 16, 2006, Plaintiff Colin Davis and a friend, Eric Berger, were traveling by car near a public beach in Oakwood Hills when they observed two of their friends walking along side the road.

33. Plaintiff Davis pulled over his vehicle to safely position it outside the stream of traffic and to talk with his friends.

34. Immediately thereafter, Defendant Officer Weber blocked Plaintiff Davis' vehicle in and approached the car.

35. Officer Weber requested Plaintiff Davis' driver's license and insurance information. Plaintiff Davis presented said documentation to the officer.

36. Officer Weber then instructed Plaintiff Davis to exit his vehicle whereby he began a hostile and verbally abusive interrogation.

37. Officer Weber placed Plaintiff Davis inside his patrol car and instructed Mr. Berger, the passenger of the vehicle, to remain inside the car.

38. Officer Weber continued to interrogate and detain Plaintiff Davis inside his patrol car for approximately 40-45 minutes.

39. Plaintiff Davis was neither arrested nor issued a citation related to this detention.

40. Plaintiff Davis did not engage in any actions that warranted his seizure and detainment on the above-referenced occasion.

41. Plaintiff Davis did not engage in any conduct that gave Officer Weber reasonable suspicion or probable cause to believe that Plaintiff Davis had committed any unlawful act.

### Plaintiff Angela Berger

42. On July 18, 2006 at approximately 1:31 a.m., Angela Berger's vehicle was lawfully parked in the Village of Oakwood Hills.

43. On said date and time, Plaintiff's vehicle was unlocked.

44. At or around this time, Defendant Officer Sabet opened the door of Plaintiff's vehicle and locked her car doors.

45. Subsequent to the locking of Plaintiff's vehicle, Defendant Officer Sabet issued a "Crime Prevention Notice" and placed said notice on Plaintiff's vehicle.

46. The above-referenced "Crime Prevention Notice" included a comment section wherein Defendant Officer Sabet instructed Plaintiff to lock her vehicle's door and be safe.

47. The above-referenced "Crime Prevention Notice" was tendered pursuant to an express policy known as "Policy and Procedure 030," implemented by the Village of Oakwood Hills.

48. At no time on July 18, 2006, did Plaintiff consent to her vehicle being opened and locked by Defendant Officer Sabet.

49. At no time on July 18, 2006, did Defendant Officer Sabet have a warrant to access Plaintiff's vehicle.

50. On the above-referenced date, Plaintiff was issued no traffic citation.

51. On said date, Plaintiff was not charged with any crime or arrested.

52. The Plaintiff did not engage in any actions that warranted the seizure of her vehicle on July 18, 2006.

53. The Plaintiff had not violated any laws to warrant the seizure of her vehicle on July 18, 2005.

## CLASS ALLEGATIONS

54. The Named Plaintiffs seek to pursue claims both for themselves and for a class of others similarly situated. Named Plaintiffs believe that the class should be organized into three subclasses as follows.

### Class I

55. Named Plaintiffs Biner and Davis seek to represent Class I. Class I asserts federal claims pursuant to the U.S. Constitution and 42 U.S.C. §1983. Class I consists of:

*All persons unreasonably detained and/or searched by Defendant Officers Sebat, Weber and/or Unknown Defendant Officers at any time from March 22, 2005 to the date of the order granting certification in this case.*

56. The individuals in Class I are so numerous that joinder of all members is impractical. Named Plaintiffs Biner and Davis estimate that Class I comprises at least fifty (50) individuals.

57. There are questions of law and fact common to the claims of Class I. Among these common questions are:

    a. Whether the Village of Oakwood Hills had a custom or practice of conducting unreasonable and unconstitutional searches and seizures;

    b. Whether the Village of Oakwood Hills had a policy, practice or custom of stopping, detaining and searching citizens without reasonable suspicion or probable cause;

    c. Whether this policy violated the Fourth Amendment to the U.S. Constitution;

    d. Whether the Village of Oakwood Hills failed to discipline its police officers for engaging in unconstitutional searches and seizures;

    e. Whether the Village of Oakwood Hills failed to train its police officers regarding unconstitutional searches and seizures and direct its officers against conducting unconstitutional searches and seizures;

    f. Whether the Village of Oakwood Hills fails to properly supervise its police officers with respect to searches and seizures conducted by said officers;

    g. Whether the Village of Oakwood Hills has policies regarding searches and seizures; and

    h. Whether Officer Sabet, Officer Weber and Unknown Village of Oakwood Hills police officers were following the policies and procedures of the Oakwood Hills police department.

58. Plaintiffs Biner and Davis' claims are typical of the claims of Class I. Named Plaintiffs were unreasonably and unconstitutionally detained and/or searched on numerous occasions, absent reasonable suspicion or probable cause.

59. Plaintiffs Biner and Davis will fairly and adequately represent the interests of Class I. Plaintiffs have retained skilled counsel with experience in constitutional and class action litigation to represent the Class.

60. The questions of law and fact common to Class I, as described in paragraph Fifty-seven above, predominate over any individual issues.

## Class II

61. Named Plaintiffs Biner and Davis also seek to represent Class II. Class II asserts state claims pursuant to Illinois state law. Class II consists of:

> *All persons unreasonably detained and/or searched by Defendant Officers Sabet, Weber and/or Unknown Defendant Officers at any time from March 22, 2006 to the date of the order granting certification in this case.*

62. The individuals in Class II are so numerous that joinder of all members is impractical. Named Plaintiffs Biner and Davis estimate that Class II comprises over fifty (50) individuals.

63. There are questions of law and fact common to the claims of Class II. Among these common questions are:

   a. Whether the Village of Oakwood Hills had a custom or practice of conducting unreasonable and unconstitutional searches and seizures;

b. Whether the Village of Oakwood Hills had a policy, practice or custom of stopping, detaining and searching citizens without reasonable suspicion or probable cause;

c. Whether the Village of Oakwood Hills has policies regarding searches and seizures;

d. Whether Officer Sabet, Officer Weber and Unknown Village of Oakwood Hills police officers were following the policies and procedures of the Oakwood Hills police department; and

e. Whether these policies violated the Illinois Constitution and Illinois state law.

64. Plaintiffs Biner and Davis' claims are typical of the claims of Class II. Named Plaintiffs were unreasonably stopped, detained and/or searched absent any reasonable suspicion or probable cause.

65. The Named Plaintiffs will fairly and adequately represent the interests of Class II. Plaintiffs have retained skilled counsel with experience in constitutional and class action litigation to represent the Class.

66. The questions of law and fact common to Class II, as described in paragraph Sixty-three above, predominate over any individual issues.

## Class III

67. Named Plaintiff Berger seeks to represent Class III. Class III asserts federal claims pursuant to the U.S. Constitution and 42 U.S.C. §1983. Class III consists of:

*All persons whose property was unreasonably seized by Defendant Officers Sebat, Weber and/or Unknown Defendant Officers at any time from March 22, 2005 to the date of the order granting certification* in this case.

68. The individuals in Class III are so numerous that joinder of all members is impractical. Named Plaintiff Berger estimates that Class III comprises at least thirty (30) individuals.

69. There are questions of law and fact common to the claims of Class III. Among these common questions are:

   a. Whether the Village of Oakwood Hills had an express policy of seizing property of its residents without reasonable suspicion or probable cause;

   b. Whether this policy violated the Fourth Amendment to the U.S. Constitution;

   c. Whether the Village of Oakwood Hills has policies regarding searches and seizures; and

   d. Whether Officer Sabet, Officer Weber and Unknown Village of Oakwood Hills police officers were following the policies and procedures of the Oakwood Hills police department.

70. Plaintiff Berger's claims are typical of the claims of Class III. The property of Named Plaintiff Berger was unreasonably and unconstitutionally seized.

71. Plaintiff Berger will fairly and adequately represent the interests of Class III. Plaintiff has retained skilled counsel with experience in constitutional and class action litigation to represent the Class.

72. The questions of law and fact common to Class III, as described in paragraph Sixty-nine above, predominate over any individual issues.

## COUNT I
### (42 U.S.C. §1983 Claim for Unreasonable Searches and Seizures)

73. Plaintiffs re-allege, reassert and incorporate each of the foregoing paragraphs as if fully stated herein.

74. This Count is brought pursuant to the 42 U.S.C. § 1983 and the Constitution of the United States.

75. As described in greater detail above, Named Plaintiffs Biner and Davis, and the members of Class I have been detained and/or searched by the Defendants, Officers Sabet, Weber and other Unknown Village of Oakwood Hills police officers, even though said officers were devoid of any justifiable basis and lacked probable cause for said searches and seizures in violation of the Fourth Amendment of the United States Constitution.

76. As described in greater detail above, Named Plaintiff Berger and the members of Class III have had their property unreasonably seized by the Defendants, Officers Sabet, Weber and Unknown Village of Oakwood Hills police officers, even though said officers were devoid of any justifiable basis and lacked probable cause for said seizures in violation of the Fourth Amendment of the United States Constitution.

77. The aforementioned actions of the Defendants, Officers Sabet, Weber and Unknown Village of Oakwood Hills police officers, proximately caused the Named Plaintiffs and members of Classes I and III to be deprived of their Fourth Amendment right to be free from unreasonable search and seizure lacking probable cause and caused them and/or their property to be unlawfully searched and/or seized against their will. This caused Named

Plaintiffs and members of Classes I and III to be damaged.

WHEREFORE, Named Plaintiffs BINER, DAVIS and BERGER, and the members of Classes I and III demand compensatory damages against the Defendant, VILLAGE OF OAKWOOD HILLS, as well as costs and attorney's fees. Named Plaintiffs and the members of Classes I and III also demand any additional relief this Court deems equitable and just.

## COUNT II
### (42 U.S.C. §1983 Claim for False Imprisonment/Unlawful Arrest)

78. Plaintiffs re-allege, reassert and incorporate each of the foregoing paragraphs as if fully stated herein.

79. This Count is brought pursuant to the 42 U.S.C. § 1983 and the Constitution of the United States.

80. The Defendants, Officers Sabet, Weber and Unknown Village of Oakwood Hills police officers, caused the Named Plaintiffs and members of Class I to be detained and imprisoned, even though said officers were devoid of any justifiable basis and lacked probable cause for said arrests and imprisonments in violation of the Fourth Amendment of the United States Constitution. The Defendant Officers' false imprisonment and/or unlawful arrests of Named Plaintiffs and the members of Class I constituted an unlawful seizure.

81. The aforementioned actions of the Defendants, Officers Sabet, Weber and Unknown Village of Oakwood Hills police officers, proximately caused the Named Plaintiffs and members of Class I to be deprived of their Fourth Amendment right to be free from arrest and imprisonment lacking probable cause

and caused them to be unlawfully detained and imprisoned against their will. Named Plaintiffs and members of Class I were aware of this unlawful detention. This caused Named Plaintiffs and members of Class I to be damaged.

WHEREFORE, Named Plaintiffs BINER and DAVIS, and the members of Classes I demand compensatory damages against the Defendant, VILLAGE OF OAKWOOD HILLS, as well as costs and attorney's fees. Named Plaintiffs and the members of Classes I also demand any additional relief this Court deems equitable and just.

## COUNT III
### (42 U.S.C. §1983 Monell Claims)

82. Plaintiff re-allege, reassert and incorporate each of the foregoing paragraphs as if fully stated herein.

83. This Count is brought pursuant to the 42 U.S.C. § 1983 and the Constitution of the United States.

84. The Village of Oakwood Hills engaged in the following policies, customs and practices:

   a. Engaged in a custom and practice of conducting unconstitutional and unreasonable searches and seizures;

   b. Engaged in a custom and practice of conducting unconstitutional and unreasonable seizures;

   c. Engaged in a custom and practice of conducting unconstitutional and unreasonable traffic stops;

   d. Failed to train its employees and agents with respect to traffic stops, searches and seizures. This failure constitutes deliberate indifference on the part of the Village of Oakwood Hills;

  e. Failed to discipline its employees and agents that have committed these unconstitutional and unreasonable searches and seizures. This failure constitutes deliberate indifference on the part of the Village of Oakwood Hills;

  f. Failed to supervise its employees and agents with respect to traffic stops, searches and seizures. This failure constitutes deliberate indifference on the part of the Village of Oakwood Hills;

  g. Failed to take proper remedial action against its employees and agents once it was determined that they had committed an unconstitutional and unreasonable search and/or seizure upon another. This constitutes deliberate indifference on the part of the Village of Oakwood Hills; and

  h. Had an express policy whereby the Village of Oakwood Hills engaged in unconstitutional and unreasonable seizures of citizens' property.

  85. The policies, customs and practices described in the aforementioned paragraph caused Plaintiffs and the members of Classes I and III to suffer constitutional deprivations. Named Plaintiffs and the members of Classes I and III have suffered damages as a result.

  WHEREFORE, Named Plaintiffs BINER, DAVIS and BERGER and the members of Classes I and III demand compensatory damages against the Defendant, VILLAGE OF OAKWOOD HILLS, as well as costs and attorney's fees. Named Plaintiffs and the members of Classes I and III also demand any additional relief this Court deems equitable and just.

## COUNT IV
### (False Imprisonment/False Arrest – State Law Claim)

86. Plaintiffs re-allege, reassert and incorporate each of the foregoing paragraphs as if fully stated herein.

87. The Defendants, Officers Sabet, Weber and Unknown Village of Oakwood Hills police officers, caused the Named Plaintiffs and members of Class II to be detained and imprisoned, even though said officers were devoid of any justifiable basis and lacked probable cause for said detentions and arrests.

88. The aforementioned actions of the Defendant Officers restrained the liberty of the Plaintiffs and the members of Class II, thereby causing them to suffer damages.

WHEREFORE, Named Plaintiffs BINER and DAVIS and members of Class II respectfully request that this Honorable Court enter judgment against the Defendant Officers and in their favor and award them compensatory damages, punitive damages, costs and any further relief this Court deems equitable and fair.

## COUNT V
### (State Law Claim – *Respondeat Superior*)

89. Plaintiffs re-allege, reassert and incorporate each of the foregoing paragraphs as if fully stated herein.

90. By all of the above employees of the Village of Oakwood Hills that subjected Named Plaintiffs Biner and Davis and the members of Class II to excessive and unreasonable searches and seizures in a manner which violates Illinois law.

91. These employees' actions and omissions were taken within the scope of their employment with the Village of Oakwood Hills police department.

92. Named Plaintiffs and the members of Class II have suffered damages as a result.

WHEREFORE, Named Plaintiffs BINER and DAVIS and members of Class II respectfully request that this Honorable Court enter judgment in their favor and award the them compensatory damages, the costs incurred in this matter and any further relief this Honorable Court deems just.

## COUNT VI
### (745 ILCS 10/9-102 Claim against the Village of Oakwood Hills)

93. Plaintiffs re-allege, reassert and incorporate each of the foregoing paragraphs as if fully stated herein.

94. The Village of Oakwood Hills was at all times relevant to this Complaint charged with oversight of the Defendants.

95. The Village of Oakwood Hills was at all times relevant to this Complaint the employer and/or principal of the Defendants.

96. The Defendants committed the above-referenced acts under color of law and in the scope of their employment as employees of the Village of Oakwood Hills.

WHEREFORE, should the Defendants be found liable for the acts alleged in this Complaint, Named Plaintiffs BINER, DAVIS and BERGER and members of Classes I, II and III demand that pursuant to 745 ILCS 10/9-102, the Village of Oakwood Hills pay any judgment obtained against Defendants in connection with

this litigation and such other additional relief, as this Court deems equitable and just.

Respectfully submitted,

*RSORG*

Attorneys for Plaintiff

ELLIOT RICHARDSON & ASSOCIATES, LLC
20 South Clark Street, Suite 500
Chicago, IL 60603
(312) 372-7075
ARDC No. 6287455

BUEHLER & WILLIAMS
120 North LaSalle Street, Suite 1160
Chicago, IL 60602
(312) 372-2899